## HUFNER et al. v. ERIE R. CO.

District Court, S. D. New York.
Jan. 13, 1939.

Harry Landau, of New York City (Morris Pottish, of New York City, of counsel), for plaintiffs.

Davis, Polk, Wardwell, Gardiner & Reed, of New York City (Theodore Kiendl and L. Ray Glass, both of New York City, of counsel), for defendant.

GODDARD, District Judge.

It clearly appears from the pleadings and affidavits submitted that the defendant is liable, if at all, only for wilful and wanton negligence on its part or that of its employees. Barrett v. New York Central & H. R. R. Co., 157 N.Y. 663, 52 N.E. 659.

It further appears from the papers submitted to the court—and both parties have had full opportunity to obtain and submit affidavits—that there is an absence of evidence which would support a finding that the defendant or any of its employees were guilty of such negligence. There is no identification of any employee of the defendant having committed the alleged wilful assault on the infant plaintiff. See Johnson v. New York Central & Hudson River R. Co., 173 N.Y. 79, 65 N.E. 946; Id., 40 Misc. 350, 82 N.Y.S. 254 (second trial); Murphy v. New York Cent. & H. R. R. Co., 101 App.Div. 610, 92 N.Y.S. 192 (third trial). A conclusion that an employee of the defendant committed the alleged assault would be mere speculation. The facts submitted do not justify presentation to a jury for there is no genuine issue of any material facts for a jury to pass upon.

The case at bar seems to me to come within the provisions of Rule 56 of the New Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and accordingly the defendant's motion for summary judgment is granted and the complaint is dismissed.

Settle order on notice.